IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY R. ROBINSON, | ) | 8:14CV97 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MIKE KINNEY, Director, Nebraska | ) | |
| Dept. Correctional Services, and /or | ) | |
| Dennis, and DIANE SABTKA-RINE, | ) | |
| Neb. Stat. Penitentiary, | ) | |
| | ) | |
| Respondents. | ) | |

    Petitioner has filed a Petition for Writ of Habeas Corpus. (Filing No. 1.) The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when the trial court refused to grant a mistrial after a law enforcement officer testified that Petitioner had been involved in gang-related crime. (*Id.* at CM/ECF pp. 9-14.)

Claim Two:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when the prosecution failed to disclose information it had regarding Petitioner's involvement in gang-related crime. (*Id.* at CM/ECF p. 13.)

Claim Three:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when, without first conducting a Rule 404 hearing, the trial court allowed the prosecution to present evidence that Petitioner had set his vehicle on fire in an attempt to destroy evidence. (*Id.* at CM/ECF pp. 15-17.)

Claim Four:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when the trial court precluded Petitioner from conducting additional discovery concerning the statements of Courtney Nelson. (*Id.* at CM/ECF pp. 18-21.)

Claim Five:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when the prosecution did not disclose to the jury that James Edwards had been offered a deal in exchange for his testimony. (*Id.* at CM/ECF pp. 21-22.)

Claim Six:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when the trial court precluded Petitioner from calling Gary Lockett and Terrell Reed as witnesses. (*Id.* at CM/ECF pp. 22-31.)

Claim Seven:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when the trial court precluded Petitioner from presenting evidence that Terrell Reed and Keelan Washington's alibi statements were false. (*Id.* at CM/ECF pp. 32-34.)

| | |
|---|---|
| Claim Eight: | Petitioner was denied due process of law in violation of the Fourteenth Amendment when the trial court precluded Petitioner from presenting the testimony of Victor Hill. (*Id.* at CM/ECF pp. 34-38.) |
| Claim Nine: | Petitioner was deprived of his right to present a complete defense and denied due process of law in violation of the Fourteenth Amendment when the trial court excluded evidence of statements made by Terrell Reed. (*Id.* at CM/ECF pp. 40-41.) |
| Claim Ten: | Petitioner was deprived of his right to present a complete defense and denied due process of law in violation of the Fourteenth Amendment when the trial court excluded statements made by Victor Hill. (*Id.* at CM/ECF pp. 40-41, 57-58.) |
| Claim Eleven: | Petitioner was denied due process of law in violation of the Fourteenth Amendment when the prosecution was allowed to present facts not in evidence during closing argument. (*Id.* at CM/ECF pp. 38-40, 59-64.) |
| Claim Twelve: | Petitioner's right to due process of law, right to compulsory process, and right to confrontation were violated because he was precluded from introducing evidence of third-party guilt. (*Id.* at CM/ECF pp. 43-49.) |
| Claim Thirteen: | Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel failed to (1) move to exclude any |

3

mention of gangs or gang affiliation (*id.* at CM/ECF pp. 65-67); (2) move for a change of venue (*id.* at CM/ECF p. 67); (3) move to exclude as evidence the 9-mm and .22 caliber shell casings found at the crime scene (*id.* at CM/ECF pp. 69-71); (4) call Jasmine Harris as a witness (*id.* at CM/ECF pp. 69-70, 96-97); (5) move to exclude the testimony of Dupree Reed (*id.* at CM/ECF p. 72); (6) move to exclude the testimony of James Edwards (*id.* at CM/ECF pp. 72-74); (7) move to exclude the testimony of Courtney Nelson (*id.* at CM/ECF p. 74); (8) challenge the prosecution's summation of the testimony of a crime lab technician regarding shell casings and bullet fragments (*id.* at CM/ECF pp. 75-79); (9) obtain an independent firearms/ballistics expert to testify on Petitioner's behalf (*id.* at CM/ECF pp. 79-81); (10) object to "prosecutorial misconduct regarding shell casing and bullet evidence" (*id.* at CM/ECF p. 81); (11) object to the prosecution's statement that police had "murder detection devices and gadgets" that they utilized to determine that neither Keelan Washington nor Terrell Reed murdered the victim (*id.* at CM/ECF pp. 82-83); (12) move for mistrial when a prospective juror stated that Petitioner looked like a "mafia gangster seen in movies" (*id.* at CM/ECF p. 83); (13) move for mistrial when it became apparent that the jury panel feared gang retaliation (*id.* at CM/ECF pp. 83-84); (14) move for mistrial when he noticed a member of the jury panel sleeping (*id.* at CM/ECF pp. 84-85); (15) make a *Batson* challenge when the prosecution dismissed black prospective jurors (*id.* at CM/ECF p. 86); (16) move for mistrial and raise on appeal the issue of a juror seen

conversing with news media personnel (*id.* at CM/ECF p. 86); (17) object to the introduction of all photographs on the grounds that the prosecution failed to establish the identity of the photographer and failed to have the photographer present at trial for purposes of confrontation and cross-examination (*id.* at CM/ECF pp. 87-88); (18) present an alibi defense (*id.* at CM/ECF pp. 89-90); (19) allow Petitioner to testify on his own behalf (*id.* at CM/ECF pp. 89-90, 98-99, 160-162); (20) independently interview or subpoena Anton Green, Keelan Washington, and employees of Applebee's to refute the testimony of Terrell Reed (*id.* at CM/ECF pp. 92-93, 128-134, 165-166); (21) provide the prosecution with written notice of an intent to use the out-of-court statement of Victor Hill (*id.* at CM/ECF pp. 93-94); (22) move to continue the trial when Victor Hill did not appear to testify (*id.* at CM/ECF pp. 94-95, 134-137, 168-171); (23) subpoena Officer Ficenec to produce evidence of Victor Hill's out-of-court statement (*id.* at CM/ECF pp. 95-96); (24) independently interview and subpoena Denesha Lockett and Jasmine Harris (*id.* at CM/ECF pp. 96, 137-143, 166-167); (25) independently interview and subpoena Kevin Cooper Spellman and Richard Robinson (*id.* at CM/ECF pp. 97-98); (26) move to exclude, and effectively challenge, evidence that Petitioner had set his vehicle on fire in an attempt to destroy evidence (*id.* at CM/ECF pp. 100-105); (27) impeach Courtney Nelson with prior inconsistent statements and also move to strike Courtney Nelson's testimony from the record as "inherently unreliable" (*id.* at CM/ECF pp. 105-108); (28) present evidence that the

residence in which the victim was killed was "again shot into at a later date while [Petitioner] was incarcerated" (*id.* at CM/ECF p. 108); (29) move for a mistrial when he was discovered that James Edwards' sister "was advising [Edwards] as to the content of the testimony of Courtney Nelson" (*id.* at CM/ECF pp. 108-110); (30) request a "jailhouse informant instruction regarding the unreliability of all James Edwards' trial testimony" (*id.* at CM/ECF p. 110); (31) obtain recordings of Courtney Nelson's phone conversations from jail before and during the trial (*id.* at CM/ECF p. 111); (32) obtain recordings of Daryl Fowler's phone conversations from jail made prior to Petitioner's arrest (*id.* at CM/ECF pp. 111-112); (33) obtain recordings of Dupree Reed's phone conversations from jail prior to and during Petitioner's trial (*id.* at CM/ECF p. 113); (34) move to order the prosecution to produce evidence of Dupree Reed's criminal history and also produce evidence of any cooperation with law enforcement (*id.* at CM/ECF pp. 113-115, 116-117); (35) establish evidence that Dupree Reed physically assaulted and threatened to kill Darell Kellogg if he testified on Petitioner's behalf (*id.* at CM/ECF pp. 115-116); (36) visit Petitioner in jail to discuss trial strategy (*id.* at CM/ECF pp. 117-118); (37) investigate Petitioner's criminal history prior to trial and move to exclude testimony or evidence concerning Petitioner's criminal history (*id.* at CM/ECF p. 121); (38) move for a mistrial in response to two improper arguments made by the prosecution during closing arguments (*id.* at CM/ECF pp. 122-126, 146-154, 158-159); (39) independently interview or subpoena Darrell Kellogg (*id.*

                    at CM/ECF pp. 143-146, 162); (40) call Brian Watkins to testify at trial (*id.* at CM/ECF p. 162); (41) call Anthony Kellogg to testify at trial (*id.* at CM/ECF p. 162-165); and (42) call Richard Robinson to testify at trial (*id.* at CM/ECF pp. 167-168).

Claim Fourteen:    Petitioner was denied due process of law in violation of the Fourteenth Amendment when the appellate court determined it did not have jurisdiction to rule on Petitioner's claims and refused to review the record for "plain error." (*Id.* at CM/ECF pp. 157-171.)

     Liberally construed, the court preliminarily decides that Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

     Petitioner also seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 174.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the

record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail.

3. By **September 1, 2014**, Respondents shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 1, 2014**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

4. If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate

filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief shall be served upon Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief

that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.**

5. If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

    A. By **September 1, 2014,** Respondents shall file <u>all</u> state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the Rules

> Governing Section 2254 Cases in the United States District Courts.

C. Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text:

    **October 1, 2014**: check for Respondents to file answer and separate brief.

  6. No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  DATED this 18th day of July, 2014.

            BY THE COURT:

            s/ Joseph F. Bataillon
            United States District Judge

---

  *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.